**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

O

<u>**CIVIL MINUTES - GENERAL**</u>

Case No. SACV 11-9428 DOC(OPx)                                              Date: August 26, 2013

Title: CURTIS CLIFFORD INGRAM V. UNKNOWN DEPUTY NO. 1 ET. AL.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>   Julie Barrera   </u>                                                          <u>   N/A   </u>
Courtroom Clerk                                                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                             NONE PRESENT

PROCEEDING (IN CHAMBERS): **ORDER DENYING MOTION TO DISQUALIFY JUDGE**

Before the Court is Plaintiff Ingram's Motion to Recuse Magistrate Judge Parada ("Motion") (Dkt. 76). The Court finds this matter appropriate for decision without oral argument. After considering the moving papers, the Court DENIES Plaintiff's motion.

**I.       Background**

Plaintiff Curtis Ingram has two matters before Judge Parada: the instant civil rights action, Case No. 11-9428, and Ingram's § 2254 habeas proceeding, Case No. 12-7881. Both matters were initially assigned to then-Magistrate Judge Fernando Olguin. The Chief Magistrate Judge transferred the two cases to Judge Parada upon Judge Olguin's appointment to the district court. *See* Order of the Chief Magistrate Judge (Case No. 11-9482 Dkt. 62); Order of the Chief Magistrate Judge (Case No. 12-7881 Dkt. 20). Plaintiff now moves to recuse Judge Parada from this case.

**II.      Legal Standard**

Plaintiff moves for Judge Parada's disqualification under 28 U.S.C. § 455. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 916 (2004). This includes when a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed

evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1), or when a judge has a conflict of interest, see 28 U.S.C. § 455(b)(2)-(5).

### III. Analysis

Plaintiff claims that Judge Parada should be disqualified from Plaintiff's case for several reasons, each of which the Court now takes in turn.

First, Plaintiff argues that Judge Parada has "exceeded [his] jurisdiction by and through conducting habeas proceedings in Habeas case CV-12-7881, when [he] was not assigned to this case." Motion at 2. The Court understands Plaintiff to be arguing that because the instant case and Plaintiff's § 2254 habeas proceeding, SA CV 12-7881 DOC (OPx), were originally assigned to then-Magistrate Judge Fernando Olguin, Judge Parada cannot hear them.

Plaintiff points to no facts that might cause a reasonable person to question Judge Parada's impartiality. Furthermore, Plaintiff's cases were expressly reassigned to Judge Parada on January 2, 2013, per the order of the Chief Magistrate Judge, when Judge Olguin took the bench as a district judge. *See* Order of the Chief Magistrate Judge (Case No. 11-9482 Dkt. 62); Order of the Chief Magistrate Judge (Case No. 12-7881 Dkt. 20). The district court has the power to oversee its business pursuant to its own rules and orders. *See* 28 U.S.C. § 137. General Order 05-07 for this district provides that pro se civil rights claims under 42 U.S.C. § 1983 are assigned to magistrate judges. G.O. 05-07. Judge Parada is a magistrate judge within this district, and is thus properly hearing the instant case.

Second, Plaintiff argues that Judge Parada made a "ruling more favorable toward respondent," Motion at 2, in Plaintiff's habeas case when Judge Parada construed arguments briefed in the state courts but not raised in Plaintiff's § 2254 Petition to not be part of the habeas action, see Minute Order on Supplemental Briefing, Case No. 12-7881 (Dkt. 35). Plaintiff further argues that Judge Parada erred in allowing the State to later respond to an argument that was listed as "pending" in his federal petition, as Plaintiff claims the argument was initially uncontroverted and so should be deemed admitted.

This appears to be a claim that Judge Parada's disagreeing with Plaintiff's legal arguments shows his bias against Plaintiff. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Such rulings "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id*. Plaintiff claims no extrajudicial source of bias or impartiality. He points to no comments or remarks that "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. The Court thus finds no basis for disqualification on this theory.

Finally, Plaintiff lists Judge Parada's "failure to adjudicate civil case CV-11-9428DOC(OP), where it is reasonably believed that [he possesses] constructive knowledge of case CV-12-

7881DOC(FMO), that could pose a question of impartiality and/or actual and/or apparent bias" as a final basis for disqualification. Motion at 2. Although Plaintiff's precise claim is not entirely clear, the Court reads the motion to argue that Judge Parada's exposure to Plaintiff's habeas case is creating an impermissible bias in this case. Plaintiff points to no actual facts suggesting any such bias, particularly any facts suggesting that Judge Parada has ever displayed "such a high degree of favoritism or antagonism as to make fair judgment impossible." *See Liteky*, 510 U.S. at 555. Plaintiff similarly offers no evidence that any actions by Judge Parada are improper regarding his management of Plaintiff's case.

Based on the foregoing, Plaintiff's motion to disqualify Judge Parada is DENIED.

The Clerk shall serve this minute order on all parties to the action.