O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| **CURTIS CLIFFORD INGRAM,** | **Case No.: SACV 11-9428 DOC(OPx)** |
| **Plaintiff,** | |
| **vs.** | **ORDER RE: MOTIONS IN LIMINE [197] [198] [199] [201] [202] [203] [204] [205]** |
| **DEPUTY QUINTANA, et al.,** | |
| **Defendants.** | |

This lawsuit involves an incident that occurred while Plaintiff Curtis Ingram was a pretrial detainee in the Men's Central Jail in Los Angeles on October 14, 2009. Mr. Ingram alleges that several deputies used excessive force on him – kicking, punching, tasering, and pepper-spraying him – in retaliation against him for complaining about his unsanitary jail cell.

Before the Court are three motions in limine filed by Defendants (Dkts. 197-199) and five filed by Plaintiff (Dkts. 201-205). After considering the papers and hearing the parties' arguments at the Final Pretrial Conference on July 21, 2015 (Dkt. 230), the Court issues the following rulings.

**DEFENDANTS' MOTIONS IN LIMINE**

1. **Motion in Limine #1 to Exclude Evidence Regarding Any Taser Video, Taser Policies, and the Search for Any Taser Video**

2. **Motion in Limine #2 to Exclude Evidence Regarding Defendants' Objections and Responses to Discovery Requests and Subpoena to Produce Documents**

Defendants' first two motions in limine are related. Defendants move to exclude any evidence regarding any video recording from video recording devices that might have been attached to the tasers used on Plaintiff as well as any evidence about the L.A. County Sheriff's Department's policies about taser use and preservation of taser video and Defendants' and the County's search for any video of the incident involving Plaintiff.

Defendants argue that there is no evidence that the tasers allegedly used on Plaintiff had any video devices attached to them. They are prepared to offer evidence that not all tasers issued to L.A. County Sheriff's deputies had videorecording devices on them in 2009 and that Defendants are not aware of any taser video and were not custodians of records for the videos. In the absence of evidence that any taser video exists, Defendants argue that the evidence described above (1) is irrelevant, (2) unfairly prejudicial and unduly consumptive of time; (3) lacks foundation; and (4) hearsay to the extent that any unauthenticated taser policies or discovery objections and responses are presented.

Plaintiff argues that the evidence goes to credibility as some of the tasers used in 2009 did have video devices attached to them and there were procedures in place requiring deputies to download and preserve their taser videos and other taser data. The records sergeant was able to find other taser video from the day of the incident, October 14, 2009, but there was no footage of Plaintiff.

The Court will permit Plaintiff to ask the Defendants about their use of the taser, how they kept records of their taser use, and whether they recall their tasers having video or not. The Court will also permit Plaintiff to call the records sergeant to testify about the fruitless search for the taser video. Thus, Defendants' Motions in Limine #1 and #2 are DENIED.

### 3. Motion in Limine #3 to Exclude Evidence Regarding Other Acts or Complaints of Force Against Defendants

Defendants seek to exclude evidence regarding any acts of force or complaints of force against them, other than the incident at issue, on the ground that such evidence would constitute impermissible character evidence and would be irrelevant and unfairly prejudicial.

Plaintiff states that he does not intend to offer prior acts or complaints as evidence of propensity toward using excessive force. Plaintiff intends to ask only about how frequently Defendants used pepper spray and tasers at the Men's Central Jail to challenge Defendants' credibility when Defendants testify that they do not remember the incident at issue.

The Court will permit Plaintiff to ask this question. Thus, Defendants' Motion in Limine #3 is GRANTED IN PART and DENIED IN PART.

## PLAINTIFF'S MOTIONS IN LIMINE

### 1. Motion in Limine #1 to Exclude Evidence of Plaintiff's Disciplinary Record at Men's Central Jail, Plaintiff's Classification as a K6-Y Inmate, and Plaintiff's Housing in the Administrative Segregation Unit

Plaintiff moves to exclude evidence of his disciplinary record at Men's Central Jail, his classification as a K6-Y inmate, and housing in the administrative segregation unit on the ground that it is irrelevant and impermissible character evidence because Defendants were not aware of any of this information when they allegedly used force against him. When deposed, Defendants testified that K6-Y meant "homosexual inmate," "child molester," or inmate who had committed a "sexual crime."

Defendants contend that Plaintiff actually was a K6-YE classification, which stands for "escape risk," and that his disciplinary history shows that he had repeatedly failed to follow law enforcement orders during the two weeks prior to the October 14, 2009 incident. Defendants also contend that Plaintiff was attempting to escape at the time of the October 14, 2009 incident.

The basis for allowing or excluding this evidence is what Defendants knew at the time of the incident. The Court will have the Defendants testify, outside of the presence of the jury, regarding what they knew on October 14, 2009 about Plaintiff's housing, about his classification as K6-Y or K6-YE, about the underlying facts that led to his housing assignment and classification, and about any incidents in his disciplinary record that would reasonably have impacted how they interacted with Plaintiff during the incident. From there, the Court will determine what evidence should be permitted or excluded.

### 2. Motion in Limine #2 to Exclude Evidence Regarding a Previous Tasering Incident Involving Plaintiff and Long Beach Police Officers

Plaintiff moves to exclude evidence regarding Plaintiff's prior § 1983 excessive force lawsuit against Long Beach police officers who tasered Plaintiff in a different incident in March 2009, which has since settled. Plaintiff also seeks to exclude evidence of the injuries he suffered in that incident.

Defendants contend that Plaintiff's claim against the Long Beach Police Department goes to show Plaintiff's bias against law enforcement and credibility because Plaintiff claimed in that case, like he does in this case, that he was non-combative and compliant when he was tasered by the Long Beach police officers, and that a Long Beach police sergeant fabricated a report that he (the sergeant) was present at the incident when he was not.

As discussed at the Final Pretrial Conference, the Court will allow the Defendants to offer evidence of the prior lawsuit against the City of Long Beach but will also allow the fact that the lawsuit was settled. Thus, Plaintiff's Motion in Limine #2 is DENIED.

### 3. Motion in Limine #3 to Exclude Evidence of Plaintiff's Criminal History

Plaintiff moves to exclude evidence of his criminal history on the grounds that such evidence is irrelevant and unduly prejudicial. Plaintiff's past felony convictions include his 2010 convictions for rape, oral copulation, and assault with a deadly weapon;[1] two drug

---

[1] Based on counsel's representations at the Final Pretrial Conference, it was unclear whether Plaintiff has in fact been convicted of assault with a deadly weapon under California Penal Code § 245. There was also some discussion of Plaintiff having been convicted of a crime under California Penal Code § 288. However, it is unclear whether "§ 288" referred to a conviction for committing a lewd and lascivious act on a minor under

possession convictions, one from 2002 and the other from 2005; and a 1994 conviction for kidnapping.

Under Federal Rule of Evidence 609, a past felony conviction "must be admitted, subject to Rule 403, in a civil case . . . ." Fed. R. Evid. 609(a)(1). In determining whether the probative value of a felony conviction outweighs the prejudice of admitting such evidence in a criminal case in which the convicted person is the defendant, district courts in the Ninth Circuit consider "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of defendant's credibility." *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000). The Ninth Circuit has indicated that these factors can also be used in civil 42 U.S.C. § 1983 cases involving excessive force. *Simpson v. Thomas*, 528 F.3d 685, 690 n.3 (9th Cir. 2008).

If a conviction is over 10 years old or if over 10 years have passed since the person was released from confinement, whichever is later, evidence of the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

Here, the Court has not been provided with information about when Plaintiff was released from prison after his 1994 and 2002 convictions. However, given the timing of his subsequent convictions, it is likely that the dates of his release were over 10 years ago from today. Thus, the Court must apply the Rule 609(b)(1) standard to those convictions. Defendants have not attempted to argue that the 1994 and 2002 convictions have any probative value. Accordingly, these convictions will be excluded.

With regard to the 2005 conviction, the Court has not been provided with the exact date of the conviction or the date of Plaintiff's release, if he was imprisoned for that conviction.

---

California Penal Code § 288(a) or for oral copulation under California Penal Code § 288a(c)(2), which may involve a crime against a minor, *see id.* § 288a(c)(2)(B), (C), or a crime against an adult, *id.* § 288a(c)(2)(A). Not having been provided Plaintiff's rap sheet, the Court follows the facts described in *Ingram v. Cate*, No. CV 12-7881-DOC OP, 2014 WL 3672921, at *1 (C.D. Cal. June 12, 2014) *report and recommendation adopted,* No. CV 12-7881-DOC OP, 2014 WL 3672924 (C.D. Cal. July 19, 2014).

Thus, the Court cannot tell if Rule 609(b)(1) should apply. However, even if the more lenient Rule 609(a)(1) standard applied, the Court would exclude the 2005 conviction. The conviction is approximately 10 years old and was for possession. The distance in time and the non-serious and likely non-violent nature of the crime make it unlikely for the 2005 conviction to be relevant to Plaintiff's propensity to tell the truth about the October 14, 2009 incident at issue in this case. Given that this case will likely turn on Plaintiff's credibility versus the Defendants' credibility, the probative value of the 2005 conviction is outweighed by the risk of undue prejudice and needlessly presenting cumulative evidence.

With regard to the 2010 convictions, those convictions are recent and the Court finds that they go to Plaintiff's character for truth as rape often involves stealth. Weighing these factors against the degree of importance and centrality of Plaintiff's credibility and testimony in this case, the Court finds it appropriate to allow Defendants to use evidence of Plaintiff's 2010 convictions for impeachment purposes. However, Defendants will not be permitted to discuss the details of Plaintiff's crimes; only the fact of his felony convictions and what he was convicted of. The probative value of the 2010 convictions is not substantially outweighed by the risk of undue prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Thus, the Court will exclude evidence of Plaintiff's 2005, 2002, and 1994 convictions as they are too old and their minimal probative value in this case is outweighed by the risk of undue prejudice and needlessly presenting cumulative evidence. The Court will allow limited evidence of Plaintiff's 2010 convictions, for impeachment purposes only. Plaintiff's Motion in Limine #3 is GRANTED IN PART and DENIED IN PART.

### 4. Motion in Limine #4 to Exclude Evidence from Plaintiff's Mental Health Records

Plaintiff moves to exclude his mental health records from evidence. Defendants seek to offer evidence that Plaintiff told the jail's mental health staff that he was experiencing suicidal and homicidal urges and was hearing voices. Plaintiff objects that the statements are inadmissible hearsay within hearsay.

As discussed at the Final Pretrial Conference, the Court will hear the authors of the mental health records identified by Defendants outside of the presence of the jury to determine if there is a foundation to allow those records in.

**5.    Motion in Limine #5 to Exclude Evidence That Defendants Did Not Turn Over in Discovery Related to Defendants' Personnel Files**

During discovery, Defendants refused to answer questions about their educational background, prior complaints against them for excessive force, prior incidents of excessive force. Defendants also refused to produce their personnel files. Plaintiff thus seeks to exclude evidence that may be contained in Defendants' personnel files, including any awards or commendations that Defendants may have received. Defendants claim that this motion is overbroad.

As discussed at the Final Pretrial Conference, any awards or commendations that Defendants may have received are irrelevant to this case and thus Plaintiff's Motion in Limine #5 is GRANTED as to that evidence.

With regard to Defendants' past record of use of force, the Court ordered Defendants to review their personnel files going back one year for use of tasers and to file an affidavit regarding their findings by Monday, July 27, 2015. The affidavit was filed on July 28, 2015 (Dkt. 238). If the parties wish to introduce information from the affidavit into evidence, the Defendants should first be questioned outside the presence of the jury regarding their past taser use.

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

DATED:  August 6, 2015